Case: 1:23-cr-00592 Document #: 1 Filed: 11/08/23 Page 1 of 3 PageID #:1

CAT 3

JUDGE KENNELLY
MAGISTRATE JUDGE GILBERT

FILED
11/8/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | Violation: Title 18, United States Code, Section 1343 |
| BRENDAN PIERARD | 23-CR-592 |

The ACTING UNITED STATES ATTORNEY charges:

1. At times material to this Information:

   a. Defendant BRENDAN PIERARD traded cryptocurrency, such as Bitcoin and Ethereum, and cryptocurrency futures and options. Defendant did so on exchanges such as Coinbase, BitMEX, and Kraken.

   b. Defendant BRENDAN PIERARD was not licensed or registered with any state or federal authority as an investment advisor or commodity pool operator.

2. Between on or about September 2017, and continuing until on or about September 29, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRENDAN PIERARD,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain and retain money by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that, between approximately September 2017 and July 2019, defendant obtained funds from approximately 21 investor-victims in

1

amounts totaling approximately $139,500, which defendant stated he would trade profitably on their behalf in various cryptocurrency products.

4. It was further part of the scheme that defendant communicated to the investor-victims, either directly or through third-parties who referred investor-victims to him, that defendant would make all investment decisions for funds under his management, and that he would retain control of their funds until the investor-victims sought to withdraw their principal and gains.

5. It was further part of the scheme that defendant communicated to the investor-victims that their investment principal was not at risk.

6. It was further part of the scheme that defendant pooled his investor victims' funds and did not segregate their funds from his own when engaging in trading on their behalf.

7. It was further part of the scheme that defendant did not maintain an accounting system that adequately tracked either receipt of funds from his investor-victims or the performance of his investments on behalf of the investor-victims individually.

8. It was further part of the scheme that, over time, as defendant's cryptocurrency trading became increasingly unprofitable, he did not communicate his losses to the investor-victims. Instead, he continued to falsely and fraudulently represent to the investor-victims that his trading on their behalf was profitable. By approximately late 2020, defendant lost all of the money he had received from the

investor-victims as a result of unprofitable trading and losses attributable to his use of unregulated and uninsured cryptocurrency exchanges.

9. It was further part of the scheme that, when investor-victims sought to withdraw their purported gains and investment principal from defendants' control, defendant ignored their requests, and knowingly made false and fraudulent statements that purported to explain his inability to return their funds.

10. On or about September 23, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRENDAN PIERARD,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an internet transmission of an email to victim-investors that falsely described efforts he was making to return their funds, from Illinois through computer servers located outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

MICHELLE PETERSEN for MP
Digitally signed by MICHELLE PETERSEN
Date: 2023.11.05 22:05:27 -06'00'
ACTING UNITED STATES ATTORNEY